FILED
2008 Nov-10 PM 02:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

**UNITED STATES OF AMERICA,** )

**VS.** )          5:00-cr-357-JHH-HGD

**RODNEY DELINOLE TIBBS.** )

## MEMORANDUM OF OPINION REGARDING ORDER DENYING MOTION TO REDUCE TERM OF IMPRISONMENT

The movant, acting pro se, filed the above-styled motion, commonly referred to as an 18 U.S.C. § 3582 motion (doc. #35), on April 9, 2008, requesting that this court modify or reduce his sentence pursuant to the retroactive crack cocaine amendment to the Sentencing Guidelines which became effective on November 1, 2007.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, # 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the

applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[1] Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive. The effective date for retroactive application of the crack amendment became March 3, 2008. The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement"). As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (doc. #35) of Rodney Delinole Tibbs to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). The motion seeks the benefit of the crack amendment and the amended policy statement.

---

[1] At this point, the crack amendment had no retroactive application.

The focus of the § 3582(c)(2) motion is the 240 month concurrent sentence[2] imposed upon movant under Count One (charging possession with intent to distribute 4.95grams of cocaine base); Count Two (charging possession with intent to distribute 54.82 grams of cocaine base; Count Three (18 U.S.C. § 922(g)(1), 924(e)) (charging knowingly and intentionally possessing in interstate commerce a firearm after having been convicted of three or more violent felonies on different occasions); and Count Four (charging knowingly and intentionally distributing 290 grams of cocaine base.  Movant pled guilty to those charges.  At the time the movant was sentenced, he was attributed with 231.77 grams of crack cocaine for the offenses.[3]  Counts Two and Four <u>each</u> carried a statutory minimum sentence of 20 years (240 months).

   Movant was originally sentenced on March 9, 2001 to 262 months under each of the four counts to run concurrently.  On February 26, 2002, the government filed a Rule 35(b) motion for reduction of movant's sentence with a

---

[2] As discussed in more detail herein, movant was originally sentenced to 262 months, which was reduced to 240 months (the statutory minimum sentence for Count Two and Count Four) on February 10, 2005 (doc . #28) based upon a Rule 35 (b) motion by the government.

[3] While the indictment and the plea agreement both listed the crack for Count Four at 290 grams, the presentence investigation report listed it at 231.77 grams.  The difference apparently was represented by the bags in which the crack was contained, as referred to in the plea agreement. At sentencing movant's counsel told the court that neither he nor movant found fault with the facts as set out in the presentence report.

request that it be held in abeyance to provide movant an opportunity to cooperate (doc. #19). The request to hold the motion in abeyance was allowed (doc. #20). On October 11, 2002, the government filed an addendum to its earlier Rule 35(b) motion for reduction (doc. #22). In the motion the government advised the court that movant "was an important source in the investigation which resulted in the case of United States v. Lamkin, CR02-BE-0024-NE," and that movant was "credible, forthcoming and of substantial assistance." The government moved that movant's sentence be reduced from the 262 months imposed March 9, 2001, to the Count Two and Count Four 240 month statutory minimum. The Rule 35(b) motion was granted (doc. #28) on February 10, 2005.

At the time of his sentencing, movant was both a Career Offender under Guideline § 4B1.1 and an Armed Career Criminal under Guideline § 4B1.4. His base offense level of 32 was changed to level 37 and with acceptance of responsibility his total offense level became 34. Also, the criminal history of V became VI with the application of the Career Offender and Armed Career Criminal guidelines. Since his sentence was based on the application of these guidelines, movant is not entitled to relief under his § 3582 motion. U.S.S.G. § 1B1.10 comment. (n.1(a)(ii) expressly provides:

<u>Eligibility</u> - Eligibility for consideration under 18 U.S.S. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (<u>e.g.</u>, a statutory mandatory minimum term of imprisonment).

The following chart sets forth the application of the crack amendment to the instant case taking into consideration the application of the Career Offender and Armed Career Criminal guidelines.

|  | **<u>Original Sentence</u>** | **<u>Retroactive Sentence Adjustment</u>** | **<u>Rule 35(b) Reduced Sentence</u>** |
|---|---|---|---|
| **Total Offense Level** | 34 | 34 |  |
| **Criminal History Category** | VI<br>movant was both a career offender and armed career criminal | VI |  |
| **Imprisonment Range** | 262 - 327 months | 262-327 months |  |
| **Sentence Imposed** | 262 months under each count |  |  |
| **Rule 35(b) Reduced Sentence** |  |  | **240 months** |

5

| **Projected Release Date** | 2/18/2018 | | |
|---|---|---|---|

Pursuant to U.S.S.G § 1B1.10 (b)[4], this court finds that the movant is not eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). As noted earlier, the movant was originally sentenced to 262 months, which was reduced to 240 months (the statutory minimum sentence for Count Two and for Count Four), which movant is now serving and which he seeks to modify by this motion. Since the sentence was based on the application of the Career Offender Armed and Career Criminal guidelines, the movant is not entitled to relief under his § 3582(c) motion. See U.S.S.G. § 1B1.10 comment. (n.1(A)(ii). See also, United States v. Moore, 541 F.3d 1323 (11th Cir. 2008) and United States v. Thomas, ___ F.3d ___, 2008 WL 4659359 (11th Cir., decided October 23, 2008).

A separate order will be entered denying the motion for the reasons as set forth herein. Movant's attention is directed to the "Notice Concerning Appeals" set out below.

---

[4] U.S.S.G § 1B1.10 (b)(2)(A)(effective March 3, 2008) reads as follows: In General.- Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection. Emphasis added.

## NOTICE CONCERNING APPEALS

A § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten days from the entry of the judgment or order being appealed.  *See*, *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir.2003); *United States v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed. R. App. P.* 4(b)(1)(A)(i).  If movant was represented by appointed counsel at trial or on appeal, movant is not required to file a new application to proceed *in forma pauperis* on appeal from the ruling on the § 3582(c)(2) motion. If movant was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files notice of appeal from the ruling on the § 3582(c)(2) motion.  The Clerk is DIRECTED to provide movant with an application to proceed *in forma pauperis* form.

**DONE** this the ___10th___ day of November, 2008.

_____
SENIOR UNITED STATES DISTRICT JUDGE